IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENTRUST, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No. |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| OPEN SOLUTIONS INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT,
INDUCEMENT OF PATENT INFRINGEMENT, AND
<u>CONTRIBUTORY INFRINGEMENT</u>**

Plaintiff, Entrust, Inc. ("Entrust"), by its undersigned attorneys, for its Complaint against Open Solutions, Inc. ("Open Solutions") alleges as follows.

## THE PARTIES

1. Entrust is a Maryland corporation having its principal place of business at One Hanover Park, 16633 Dallas Parkway, Suite 800, Addison, Texas 75001. Entrust is a global provider of software products and related services for securing digital identities and information. Enterprises and government agencies use Entrust solutions to help address security challenges and help customers achieve regulatory and corporate compliance.

2. Defendant Open Solutions is a corporation that sells and offers for sale software, data processing and security services for banks, thrifts, credit unions, and other financial service providers. Upon information and belief, Defendant is incorporated in Delaware with its principal place of business located at 455 Winding Brook Drive, Glastonbury, Connecticut 06033.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Complaint for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Open Solutions is incorporated in, and therefore resides in, the State of Delaware and this District, and because, on information and belief, Defendant's infringement has taken place, and continues to take place, in this District.

5. This Court has personal jurisdiction over Open Solutions by virtue of Open Solutions' Delaware residency and its past and continuing contacts with the State of Delaware.

## COUNT ONE
### (Direct Patent Infringement)

6. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1-5, above.

7. Entrust is the owner of U.S. Patent No. 5,712,627 titled "Security System" issued on January 27, 1998 to J. Rodney Watts ("the '627 Patent"). A true and correct copy of the '627 Patent is attached hereto as Exhibit A.

8. Upon information and belief, Open Solutions is advertising and using a product, which it refers to as Security Matrix Two-Factor Authentication ("Security Matrix"), that uses the methods claimed in the '627 Patent.

9. Open Solutions makes, uses, sells and offers for sale the above-described Security Matrix, which constitutes direct infringement of the '627 Patent pursuant to 35 U.S.C. § 271(a).

10. Open Solutions has knowledge of the '627 Patent and has knowingly and willfully engaged in infringing conduct.

11. As a direct and proximate result of Open Solutions' direct infringement of the '627 Patent, Entrust has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

12. Unless enjoined, Open Solutions' direct infringement of the '627 Patent will continue to cause Entrust irreparable harm.

## COUNT TWO
### (Inducement of Patent Infringement)

13. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1-12, above.

14. Upon information and belief, Open Solutions advertises and offers the above-described Security Matrix to its customers and potential customers, such as banks, credit unions, and other financial institutions. Open Solutions encourages them to use the Security Matrix product, instructs them in the use of this product, and provides them with this two-factor authentication product with the knowledge that it will be utilized by the financial institutions and their customers. In this manner, the financial institutions and the customers of those financial institutions directly infringe the '627 Patent.

15. Open Solutions' conduct constitutes active inducement of the infringement of the '627 Patent pursuant to 35 U.S.C. § 271(b).

16. As a direct and proximate result of Open Solutions' active inducement of the infringement of the '627 Patent, Entrust has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

17. Unless enjoined, Open Solutions' active inducement of the infringement of the '627 Patent will continue to cause Entrust irreparable harm.

3

## COUNT THREE
### (Contributory Patent Infringement)

18. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1-17, above.

19. As stated in the above paragraphs, upon information and belief, Open Solutions sells its Security Matrix to its customers with full knowledge of the '627 Patent. Open Solutions' conduct constitutes contributory infringement of the '627 Patent pursuant to 35 U.S.C. § 271(c).

20. As a direct and proximate result of Open Solutions' contributory infringement of the '627 Patent, Entrust has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

21. Unless enjoined, Open Solutions' contributory infringement of the '627 Patent will continue to cause Entrust irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Entrust respectfully requests that this Court:

A. Enter judgment that the '627 Patent is valid and enforceable and that Open Solutions' Security Matrix has directly infringed and is directly infringing the '627 Patent;

B. Enter judgment that by advertising and offering its Security Matrix product to its customers and potential customers, encouraging its customers and potential customers to use that method, instructing its customers in the use of that method, and providing its customers that method so they may in turn provide it to others, including their respective customers, Open Solutions has induced and is inducing the infringement of the '627 Patent;

4

C.  Enter judgment that by selling its Security Matrix product to its customers with full knowledge of the '627 Patent, Open Solutions has contributed and is contributing to the infringement of the '627 Patent;

D.  Award Entrust damages, together with prejudgment interest, pursuant to 35 U.S.C. § 284, due to Open Solutions' direct infringement of the '627 Patent, inducement of infringement of the '627 Patent, and contributory infringement of the '627 Patent;

E.  Enjoin Open Solutions, its officers, agents, servants, employees and all other persons, firms or corporations acting in concert or participation with it, from advertising, making, using, offering for use, offering for sale, or selling any or all goods and services which infringe the '627 Patent, during the pendency of this action and permanently thereafter;

F.  Adjudge Open Solutions' infringement willful, and award Entrust treble damages pursuant to 35 U.S.C. § 284;

G.  Declare this case exceptional and award Entrust its attorneys' fees and costs expended in this action pursuant to 35 U.S.C. § 285; and

H.  Award such other and further relief as this Court deems proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38.1, Plaintiff hereby respectfully demands a jury trial on all issues raised by the claims herein and triable of right by a jury.

                                                   /s/ *signature*
                                   Frederick L. Cottrell III (#2555)
                                   cottrell@rlf.com
                                   Gregory E. Stuhlman (#4765)
                                   stuhlman@rlf.com
                                   Richards, Layton & Finger P.A.
                                   One Rodney Square
                                   920 North King Street
                                   Wilmington, DE 19801
                                   Tel: (302) 651-7700
                                   Fax: (302) 651-7701
                                     *Attorneys for Plaintiff*
                                     *Entrust, Inc.*

OF COUNSEL:
Terence P. Ross
Amy B. Altshul
Michael D. Billok
GIBSON DUNN & CRUTCHER
1050 Connecticut Avenue, N.W., Suite 200
Washington, DC 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

DATED: February 21, 2007

# EXHIBIT A

US005712627A

# United States Patent [19]
## Watts

[11] Patent Number: 5,712,627
[45] Date of Patent: Jan. 27, 1998

[54] SECURITY SYSTEM

[75] Inventor: J. Rodney Watts, Kingsport, Tenn.

[73] Assignee: Eastman Chemical Company, Kingsport, Tenn.

[21] Appl. No.: 423,479

[22] Filed: Apr. 19, 1995

[51] Int. Cl.$^6$ ............................... G07D 7/00; G06F 7/04; G06K 5/00

[52] U.S. Cl. ............................ 340/825.34; 340/825.31; 235/380; 235/382

[58] Field of Search ..................... 340/825.34, 825.31; 235/382, 380

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 3,569,619 | 3/1971 | Simjian |
| 3,593,292 | 7/1971 | Scott |
| 4,184,148 | 1/1980 | Smagala-Romanoff |
| 4,288,780 | 9/1981 | Theodoru et al ............. 340/146.3 |
| 4,445,712 | 5/1984 | Smagala-Romanoff |
| 4,528,442 | 7/1985 | Endo |
| 4,529,870 | 7/1985 | Chaum |
| 4,750,201 | 6/1988 | Hodgson et al ............... 379/144 |
| 5,239,583 | 8/1993 | Parrillo ............................. 380/23 |
| 5,246,375 | 9/1993 | Goede |
| 5,465,084 | 11/1995 | Cottrell ......................... 340/825.31 |

Primary Examiner—Michael Horabik
Assistant Examiner—Anthony A. Asongwed
Attorney, Agent, or Firm—Charles R. Martin; Harry J. Gwinnell

[57] **ABSTRACT**

A security system is for determining whether a person has possession of an issued identification card. The system includes a plurality of identification cards. Each one of the issued cards has a plurality of addressable positions. Each one of the addressable positions having an indicium. Each one of a plurality of authorized persons is assigned a corresponding one of the identification cards. The indicium at one of the addressable positions on one of the assigned cards being different from the indicium at the same one of the addressable positions on another one of the assigned cards. In a preferred embodiment of the invention, the addressable positions are arranged in a matrix of rows and columns. The indicium at each of the addressable positions of one of the assigned cards is different from the indicium at each of the addressable positions of the other ones of the assigned cards. The method for determining whether a person seeking access is authorized to obtain the requested access includes the steps: (a) distributing each one of the identification cards to a corresponding one of a plurality of authorized users; (b) optionally assigning a different password to a corresponding one of the plurality of authorized persons; (c) requesting of a person seeking access to identify themselves, provide the indicium at a specified one of the addressable positions on the card assigned to the identified person. If the indicium matches that assigned to the person seeking access, access is granted; otherwise access is denied. A password may also be assigned to authorized persons.

5 Claims, 1 Drawing Sheet

/10

| SECURITY CARD | | | | | |
|---|---|---|---|---|---|
| | C1 | C2 | C3 | C4 | C5 |
| R1 | 22 | 43 | 36 | 99 | 28 |
| R2 | 14 | 85 | 17 | 38 | 16 |
| R3 | 64 | 53 | 21 | 19 | 90 |
| R4 | 77 | 48 | 18 | 35 | 49 |
| R5 | 15 | 76 | 83 | 51 | 13 |
| R6 | 11 | 58 | 66 | 86 | 12 |
| R7 | 97 | 55 | 60 | 20 | 33 |
| R8 | 20 | 26 | 89 | 44 | 71 |

12a

/10

| SECURITY CARD | | | | | |
|---|---|---|---|---|---|
| | C1 | C2 | C3 | C4 | C5 |
| R1 | 24 | 45 | 38 | 98 | 80 |
| R2 | 16 | 87 | 19 | 40 | 18 |
| R3 | 66 | 55 | 23 | 21 | 92 |
| R4 | 79 | 50 | 20 | 37 | 51 |
| R5 | 17 | 78 | 85 | 53 | 75 |
| R6 | 13 | 60 | 68 | 88 | 14 |
| R7 | 99 | 57 | 62 | 22 | 35 |
| R8 | 30 | 28 | 91 | 46 | 73 |

12b

/10

| SECURITY CARD | | | | | |
|---|---|---|---|---|---|
| | C1 | C2 | C3 | C4 | C5 |
| R1 | 23 | 44 | 37 | 97 | 79 |
| R2 | 15 | 86 | 18 | 39 | 17 |
| R3 | 65 | 54 | 22 | 20 | 91 |
| R4 | 78 | 49 | 19 | 36 | 50 |
| R5 | 16 | 77 | 84 | 52 | 74 |
| R6 | 12 | 59 | 67 | 87 | 13 |
| R7 | 98 | 56 | 61 | 21 | 34 |
| R8 | 29 | 27 | 90 | 45 | 22 |

12n

U.S. Patent          Jan. 27, 1998          5,712,627



Fig. 1c



Fig. 1b



Fig. 1a

5,712,627

# SECURITY SYSTEM

## BACKGROUND OF THE INVENTION

This invention relates generally to security systems and more particularly to systems which enable the identification of an individual for security purposes. Still more particularly, the invention relates to a device that assists in identifying an individual when visual contact is not possible or practical.

As is known in the art, some security systems use identification cards for determining whether a person desiring access to such things as a computer, long distance carrier, or building is, in fact, a person authorized to have such access. In one type of such security system, persons authorized to have access are given a so called "smart card". Such "smart card" typically contains a card identification number, a battery, a display window, a computing device, and a timing device. A corresponding central computer contains programming which generates the same information at the same time as the "smart card". That is, the two computing devices stay in synchronization with each other so that at any given point in time, the "smart card" will display exactly the same data as the central computer. The authorized person is typically also issued a password, or personal identification number (PIN) which is to be memorized by the person authorized to have possession of the identification card. When access is desired, the "smart card" holder conveys his/her card identification number, PIN number, and the data found in the "smart card" display window. If this information matches exactly the information in the central computer, access is granted; otherwise access is denied. The problem with "smart card" technology is that "smart cards" are relatively expensive, bulky and over time, tend to drift (i.e. the timing device gets out of sync with the timing device of the central computer). In other, less expensive, non-smart, security systems, the user is given a card with an identification number printed on the card. Such identification card may be a telephone calling card, for example. The person is also given a personal identification number. While such arrangement provides some form of protection, when the person in possession of such card is at a telephone, for example, and dials, i.e., punches, a number to be called followed by a fixed calling card number, followed by a fixed personal identification number, an unscrupulous observer of the caller is able to determine the calling card number and the personal identification thereby enabling unauthorized placement of phone calls, for example. In addition, telephone lines and computer lines can be "tapped", thus allowing an unscrupulous person to obtain the calling card number and the PIN number of the person placing the call. The fixed calling card number and PIN number are at even greater risk of being discovered when wireless devices (such as cellular phones) are used.

## SUMMARY OF THE INVENTION

In accordance with the present invention a security system is provided for determining whether a person has possession of an issued identification card. The system includes a plurality of identification cards. Each one of the issued cards has a plurality of addressable positions. Each one of the addressable positions having an indicium. Each one of a plurality of authorized persons is assigned a corresponding one of the identification cards. The indicium at one of the addressable positions on one of the assigned cards is different from the indicium at the same one of the addressable positions on another one of the assigned cards.

In a preferred embodiment of the invention, the addressable positions are arranged in a matrix of rows and columns. The indicium at each of the addressable positions of one of the assigned cards is different from the indicium at each of the addressable positions of the other ones of the assigned cards.

The method for determining whether a person seeking access is authorized to obtain the requested access includes the steps: (a) distributing each one of the identification cards to a corresponding one of a plurality of authorized users; (b) requesting of a person seeking access to identify themselves, provide the indicium at a specified one of the addressable positions on the card assigned to the identified person. If the indicium matches that assigned to the identified person, access is granted; otherwise access is denied. Optionally, a different password may be assigned to a corresponding one of the plurality of authorized persons. In such case, the person seeking access may be asked for the password in addition to the indicium. Thus, while the security card may be effectively utilized without a password, an accompanying password is recommended. Adequate security dictates that two elements need to be present for proper authentication: 1) something the authorized person knows (i.e. their password) and 2) something the authorized user possesses (i.e. the security device). The password may be an integral part of an organization's (requester/caretaker) existing security or a password may be assigned at the time the security device is issued.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIGS. 1a–1c show a plurality of identification cards used in the security system according to the invention.

## DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring now the FIGURE, a security system 10 for determining whether a person seeking access to a secured system, such as a computer, telephone long distance carrier, or building is authorized to obtain such access. The system 10 includes a plurality of identification, or Security cards 12a–12n. Each one of the cards 12a–12n has a plurality of addressable positions, here arranged in rows $R_1$–$R_m$ and columns $C_1$–$C_n$. In the example shown in FIG. 1, m=8 and n=5. Thus, the cards 12a–12n here have 40 addressable positions. Each one of the addressable positions has a row address $R_1$–$R_m$ and a column address $C_1$–$C_n$. Each one of the addressable positions $R_1,C_1$–$R_m,C_n$ has an indicium, here a two digit number. Each person allowed access is assigned a corresponding one of the identification cards 12a–12n. The proposed identification cards 12a–12n are printed cards with indicia randomly selected by a computer system. The authorized person may also be given, or have a preassigned, password, and an existing identification number, such as an employee number or a telephone calling card number to identify the person issued the identification card. The organization (requester/caretaker) issuing the cards will determine if: 1) no password is to be used, 2) a password is to be given to the authorized person to memorize at the time of issuance of one of the identification cards 12a–12n, and/or 3) integrate the identification cards 12a–12n into the existing security system in order to provide an additional layer of security protection (i.e. person also has in their possession the issued security card).

Each one of the identification cards 12a–12n has different indicia in the addressable positions. The indicium at one of the addressable positions on one of the assigned cards is

5,712,627

3

different from the indicium at the same one of the addressable positions on another one of the assigned cards. To put it another way, the two digit number at any row, column position on one of the identification cards 12a–12n is different from the two digit number at the same row, column position on all of the other cards 12a–12n. Thus, considering card 12a, 12b and 12n, the number at position $R_3, C_4$ on card 12a is 19 while on card 12b and 12n the numbers at the same position $R_3, C_4$ are 21 and 20, respectively, as shown. Thus, generally, each identification card 12a–12n has a unique pattern of indicia.

After having been issued one of the identification cards, a determination can be made as to whether a person requesting access is authorized. The system 10 makes such determination by two criterion: (1) Does the person seeking access know something they should know (i.e., the assigned password); and, (2) Does the person seeking access have something they should have (i.e., the unique identification card issued to that person)? More particularly, the person requesting access is asked for an identification number, typically the person's employee number or calling card number, for example, to identify the person seeking access to the requestor/caretaker (which may be a computer system). If a person is authorized to have access, the first criterion is evaluated by requesting the identified person's preassigned, memorized password. If the password matches with the identified person's password, then the second criterion is evaluated. Thus, the person seeking access is next asked for the indicium at a specified, randomly chosen one of the, here 40 addressable positions (i.e, at one of the row, column addressable positions on the card) to determine whether the identified person has in their possession their assigned identification card.

For example, let it be assumed that person A is authorized to have access to the secured system, but another, unauthorized person X, has previous learned of A's identification number (i.e., employee number or bank account number). Let it also be assumed that person X previously overheard, or saw, person A punching in his/her password and as a result, now knows person A's password. Therefore, when person X seeks access, he/she is able to give the proper identification number and password for person A upon questioning by the requestor/caretaker. If person A has been assigned card 12b and retains possession of his/her assigned card, here card 12b for example, then person A will be in a position to give a proper response to the requestor in control of the access. Upon giving the requestor the proper two digit number, access is granted. However, if person X does not have possession of card 12b previously issued to person A, person X will not likely know the correct one of the here 40 indicium at the requested address. For example, if the requestor asks for the number at row $R_1$ and column $C_3$, person X will in high likelihood not be able to respond with the number 80 at the address $R_1, C_3$ for card 12b. Therefore, person X will not respond to the requested address properly and his/her access will be denied.

Other embodiments are within the spirit and scope of the appended claims. For example, while the addressable positions are here arranged in a matrix of rows and columns other arrangements may be used. Further, while the indicia are here two digit numbers, numbers of more, or less, digits may be used, or, alternatively, a combination of numbers, letters, and/or other symbols may be used. Still further, while preferably the indicium at any addressable position on one card is different from the indicium at the same addressable position on all the other cards, such condition is not required as long as there are a sufficiently large number of cards having different indicium at the same addressable position to achieve the desired degree of security.

4

What is claimed is:

1. A method for determining whether a person seeking access is authorized to obtain the requested access comprising the steps of
   (A) distributing each of a plurality of identification cards to a corresponding person of a plurality of persons, each one of the cards having a plurality of addressable positions, each one of the addressable positions having an indicium, each one of the plurality of identification cards being assigned to a corresponding one of the plurality of persons, the indicium at one of the addressable positions on one of the assigned cards being different from the indicium at the same one of the addressable positions on another of the assigned cards.
   (B) making a first request that a person seeking access identify themselves by providing the indicium at a first addressable position on the card assigned to that person.
   (C) allowing a first access to the person if the indicium at the first addressable position on the card assigned to that person matches that assigned to the person,
   (D) making a second request that the person identify themselves by providing the indicium at a second addressable position on the card assigned to that person, and
   (E) allowing a second access to the person if the indicium at the second addressable position on the card assigned to that person matches that assigned to the person.

2. The method of claim 1 wherein the addressable positions are arranged in a matrix of rows and columns and wherein the person seeking access is asked to identify the indicium at the position identified by one of the rows and one of the columns.

3. The method of claim 1 wherein the indicium at each of the addressable positions on one of the assigned cards is different from the indicium at each of the addressable positions on the other assigned cards.

4. The method of claim 1 further including the steps of
   (F) assigning a password to each person of the plurality of persons, and
   (G) requesting that the person seeking access provide the password.

5. A method for determining whether a person seeking access is authorized to obtain the requested access comprising the steps of
   (A) distributing each of a plurality of identification cards to a corresponding person of a plurality of persons, each one of the cards having a plurality of addressable positions arranged in a matrix of rows and columns, each one of the addressable positions having an indicium, each one of the plurality of identification cards being assigned to a corresponding one of the plurality of persons, the indicium at one of the addressable positions on one of the assigned cards being different from the indicium at each of the addressable positions on another of the assigned cards.
   (B) assigning a different password to each person of the plurality of persons,
   (C) making a first request that a person seeking access identify themselves by providing their password and the indicium at a first addressable position on the card assigned to that person, the first addressable position identified by one of the rows and one of the columns,
   (D) allowing a first access to the person if the password matches that assigned to the person and the indicium at the first addressable position on the card assigned to that person matches that assigned to the person.

5,712,627

5

(E) making a second request that the person identify themselves by providing their password and the indicium at a second addressable position on the card assigned to that person, the second addressable position identified by one of the rows and one of the columns, and

6

(F) allowing a second access to the person if the password matches that assigned to the person and the indicium at the second addressable position on the card assigned to that person matches that assigned to the person

* * * * *

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFF**
Entrust, Inc.

**DEFENDANT**
Open Solutions Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Frederick L. Cottrell, III
Gregory E. Stuhlman
Richards, Layton & Finger
One Rodney Square - P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 50 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 830 Patent | |
| ☐ 152 Recovery of Defaulted Student Loans (excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth In Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | SOCIAL SECURITY | |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | ☐ 861 HIA (1395ff) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Eject | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVE
Action under patent laws for infringement and damages, 35 U.S.C. §1 et seq.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ Under F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY

DATE February 21, 2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

RLF1-3117524-1

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F. R. C. P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U S C 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U S C 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U S. is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U S C 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U S C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F R C P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.
(rev 07/89)

RLF1-3117524-1



AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.  0 7 - 9 8

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

FEB 2 1 2007
(Date forms issued)

(Signature of Party or their Representative)

Louis Matos
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action