IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENTRUST, INC., | ) |
|         Plaintiff, | ) |
| | ) C.A. No. 07-098-GMS |
| v. | ) |
| OPEN SOLUTIONS INC., | ) **DEMAND FOR JURY TRIAL** |
|         Defendant. | ) |

## ANSWER AND COUNTERCLAIM

Defendant Open Solutions Inc. ("Open Solutions") responds to the Complaint of plaintiff Entrust, Inc. ("Entrust") as follows:

### THE PARTIES

1. Open Solutions admits, upon information and belief, that Entrust is a Maryland corporation with its principal place of business at One Hanover Park, 16633 Dallas Parkway, Suite 800, Addison, Texas 75001. Open Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2. Open Solutions admits the allegations of Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Open Solutions admits the allegations of Paragraph 3 of the Complaint.

4. Open Solutions admits that venue is proper in this district. Open Solutions denies the remaining allegations in Paragraph 4 of the Complaint.

- 2 -

5. Open Solutions admits that it is subject to personal jurisdiction in this district for purposes of this case. Open Solutions denies the remaining allegations in Paragraph 5 of the Complaint.

## COUNT ONE
### (Direct Patent Infringement)

6. Open Solutions incorporates by reference its responses to paragraphs 1-5 of the Complaint, as if set forth fully herein.

7. Open Solutions admits that a copy of U.S. Patent No. 5,712,627 ("the '627 patent") is attached to the Complaint, and that the '627 patent indicates on its face that it is entitled "Security System" and was issued on January 27, 1998 to J. Rodney Watts. Open Solutions lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8. Open Solutions admits that it offers a feature known as Security Matrix Two-Factor Authentication. Open Solutions denies the remaining allegations of Paragraph 8 of the Complaint.

9. Open Solutions admits that it offers a feature known as Security Matrix Two-Factor Authentication. Open Solutions denies the remaining allegations of Paragraph 9 of the Complaint.

10. Open Solutions denies the allegations of Paragraph 10 of the Complaint.

11. Open Solutions denies the allegations of Paragraph 11 of the Complaint.

12. Open Solutions denies the allegations of Paragraph 12 of the Complaint.

## COUNT TWO
### (Inducement of Patent Infringement)

13. Open Solutions incorporates by reference its responses to paragraphs 1-12 of the Complaint, as if set forth fully herein.

14. Open Solutions admits that it offers a feature known as Security Matrix Two-Factor Authentication. Open Solutions denies the remaining allegations of Paragraph 14 of the Complaint.

15. Open Solutions denies the allegations of Paragraph 15 of the Complaint.

16. Open Solutions denies the allegations of Paragraph 16 of the Complaint.

17. Open Solutions denies the allegations of Paragraph 17 of the Complaint.

## COUNT THREE
### (Contributory Patent Infringement)

18. Open Solutions incorporates by reference its responses to paragraphs 1-17 of the Complaint, as if set forth fully herein.

19. Open Solutions admits that it offers a feature known as Security Matrix Two-Factor Authentication. Open Solutions denies the remaining allegations of Paragraph 19 of the Complaint.

20. Open Solutions denies the allegations of Paragraph 20 of the Complaint.

21. Open Solutions denies the allegations of Paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, and as separate affirmative defenses, Open Solutions alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Entrust fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Open Solutions has not infringed and is not infringing any valid claim of the '627 patent.

## THIRD AFFIRMATIVE DEFENSE

The '627 patent is invalid on the grounds that the purported invention fails to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*

## COUNTERCLAIM

Counterclaim-plaintiff Open Solutions for its counterclaim against Entrust, alleges as follows:

1. Open Solutions is incorporated under the laws of the State of Delaware, and has its principal place of business at 455 Winding Brook Drive, Glastonbury, Connecticut 06033.

2. Upon information and belief, Entrust is incorporated under the laws of the State of Maryland, and has its principal place of business at One Hanover Park, 16633 Dallas Parkway, Suite 800, Addison, Texas 75001.

3. This counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5.  Entrust has alleged that it owns the '627 patent.

6.  Entrust has alleged that Open Solutions has infringed and is infringing the '627 patent.

7.  Open Solutions denies that it has infringed the '627 patent.

8.  Open Solutions has alleged that one or more claims of the '627 patent are invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101 *et seq*.

9.  An actual controversy exists between Open Solutions and Entrust by virtue of the allegations of Entrust's Complaint and Open Solutions's Answer as to whether the claims of the '627 patent are valid and/or infringed by Open Solutions.

10. Open Solutions is entitled to a declaratory judgment that the claims of the '627 patent are invalid.

11. Open Solutions is entitled to a declaratory judgment that it has not infringed and is not infringing the '627 patent.

## PRAYER FOR RELIEF

WHEREFORE, Open Solutions prays for judgment:

A.  Dismissing Entrust's Complaint against Open Solutions with prejudice;

B.  Declaring that Open Solutions has not infringed and is not infringing any valid claim of the '627 patent;

C.  Declaring that one or more claims of the '627 patent are invalid;

D.  Awarding to Open Solutions its costs, including attorneys' fees, pursuant to 35 U.S.C. § 285; and

E. Granting such other and further relief to Open Solutions as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
   *Attorneys for Defendant Open Solutions, Inc.*

OF COUNSEL:

Douglas B. Greenswag
K&L GATES
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
(206) 623-7580

May 14, 2007

824866

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on May 14, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

Gregory E. Stuhlman
Richards, Layton & Finger

and that on May 14, 2007, I caused copies to be served upon the following in the manner indicated:

**BY EMAIL & HAND**

Gregory E. Stuhlman
Richards, Layton & Finger P.A.
One Rodney Square
Wilmington, DE 19801
stuhlman@rlf.com

**BY EMAIL**

Terence P. Ross
Gibson Dunn & Crutcher
1050 Connecticut Avenue, N.W., Suite 200
Washington, DC 20036
TRoss@gibsondunn.com

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com

825931